**STATE OF WEST VIRGINIA**

**FILED**

**June 24, 2020**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

*In re* **H.C. and D.C.**

**No. 19-1172** (Wood County 18-JA-165 and 18-JA-166)

## MEMORANDUM DECISION

Petitioner Mother E.C., by counsel Heather L. Starcher, appeals the Circuit Court of Wood County's November 26, 2019, order terminating her custodial rights to H.C. and D.C.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee A. Niezgoda, filed a response in support of the circuit court's order. The guardian ad litem, Debra L. Steed, filed a response on behalf of the children in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in finding that her preadjudicatory improvement period was unsuccessful, in terminating her post-adjudicatory improvement period, in denying her motion for a post-dispositional improvement period, and in terminating her custodial rights to the children.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In October of 2018, the DHHR filed a child abuse and neglect petition alleging that the children's father required mental health treatment to care for the children but ceased treatment against medical advice. In the initial petition, the DHHR levied no allegations of abuse and neglect against petitioner but noted that a prior family court order prohibited petitioner from having physical custody of the children due to drug abuse and domestic violence in her home.

The DHHR later amended the petition in December of 2018, and alleged that petitioner exposed the children to repeated instances of domestic violence in her home. Then fourteen-year-old H.C. disclosed that she witnessed petitioner's boyfriend drag petitioner by her hair, push her

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

down stairs, and strike her in the face. This child further reported that the boyfriend had started carrying a gun and that she no longer felt safe in petitioner's care. The circuit court granted petitioner a preadjudicatory improvement period.

The circuit court held a hearing to review petitioner's preadjudicatory improvement period in March of 2019. Petitioner did not appear, but was represented by counsel. The DHHR presented evidence that petitioner failed to consistently participate in services, such as random drug screening. Further, petitioner was repeatedly late to visits with the children and continued to have contact with her abusive boyfriend. Based on this evidence, the circuit court found that petitioner had not substantially complied with the terms of her preadjudicatory improvement period and failed to successfully complete the same. The court ordered that services and visitation continue until the adjudicatory hearing.

Petitioner waived her right to an adjudicatory hearing in April of 2019, and stipulated that she failed to protect her children from domestic violence in her home. Thereafter, the circuit court granted petitioner a post-adjudicatory improvement period. In September of 2019, the circuit court held a review hearing on petitioner's post-adjudicatory improvement period. The DHHR presented evidence that petitioner missed drug screens, continued to be late for services, and was late for or missed visitations with the children. Petitioner explained that she was late for services because she had difficulty sleeping due to anxiety and depression and because she worked as a midnight-shift manager at a gambling establishment, both of which caused her to sleep through her alarm. Petitioner was participating in parenting classes, but, according to her providers, had gained no insight into her parenting deficits. Further, petitioner blamed the children's father for the proceedings and failed to take responsibility for her actions. Ultimately, the circuit court terminated petitioner's post-adjudicatory improvement period.

The circuit court convened for a dispositional hearing in October of 2019 but continued the hearing after petitioner failed to appear. The final dispositional hearing was held in November of 2019 wherein petitioner moved the circuit court for a post-dispositional improvement period. Petitioner testified and continued to deny responsibility for the abuse and neglect of her children, stating "I didn't do anything to get myself into this situation to begin with." Petitioner also claimed that her work schedule caused her to be late to services and visitations but did not believe her schedule would affect her ability to parent the children.

Ultimately, the circuit court denied petitioner's motion for a post-dispositional improvement period because she failed to demonstrate a substantial change in circumstances that would result in her compliance with the terms and conditions of an additional improvement period. The court found that petitioner "does not feel that this proceeding is fair to her" and that petitioner "does not believe she did anything wrong to get into this position." Further, the circuit court found that there was no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected in the near future and that it was necessary to terminate petitioner's custodial rights to the children, consistent with the children's wishes. Accordingly, the circuit court

terminated petitioner's custodial rights by its November 26, 2019, order. Petitioner now appeals that order.[2]

The Court has previously held:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). Upon review, this Court finds no error in the proceedings below.

On appeal, petitioner argues that the circuit court erred in finding that she did not successfully complete her preadjudicatory improvement period because "none of the progress sections [in the reports submitted by the DHHR] stated that . . . [p]etitioner failed to comply with the individual term[s]." Notably, petitioner fails to cite to any authority in this argument section, let alone any authority that requires the circuit court to make findings consistent with reports made by the DHHR. Rather, we have held that

> "[a]t the conclusion of the improvement period, the court shall review the performance of the parents in attempting to attain the goals of the improvement period and shall, in the court's discretion, determine whether the conditions of the improvement period have been satisfied and whether sufficient improvement has been made in the context of all the circumstances of the case to justify the return of the child." Syl. Pt. 6, *In re Carlita B.,* 185 W.Va. 613, 408 S.E.2d 365 (1991).

Syl. Pt. 2, *In re C.M.*, 235 W. Va. 16, 770 S.E.2d 516 (2015). Regardless of the DHHR's reports, the evidence provided at petitioner's preadjudicatory improvement period review hearing revealed that petitioner inconsistently participated in services. More importantly, petitioner continued to associate with her abusive boyfriend, who made the oldest child, H.C., feel unsafe in petitioner's home. Even if petitioner had substantially complied as she asserts, it would have been against the children's best interests to be returned to petitioner's custody prior to the cessation of the domestic violence in the home. *See* Syl. Pt. 4, in part, *In re B.H.*, 233 W. Va. 57, 754 S.E.2d 743 (2014) ("The controlling standard that governs any dispositional decision remains the best interests of the

---

[2]According to the parties, the children's father completed services, and they have achieved permanency in his custody.

child."). Therefore, we disagree with petitioner and find that the circuit court did not abuse its discretion in finding that petitioner failed to complete her preadjudicatory improvement period.

Next, petitioner argues that the circuit court erred in terminating her post-adjudicatory improvement period. She avers that the DHHR's reports indicated that she had completed many of the terms of her improvement period and that the circuit court only terminated her improvement period because she was late for certain services and visitations.[3]

West Virginia Code § 49-4-610(7) provides that "the court shall terminate any improvement period granted pursuant to this section when the court finds that respondent has failed to fully participate in the terms of the improvement period." This Court has reiterated that "a circuit court always has the authority to terminate an improvement period if there is evidence that the parent is not following the conditions prescribed or is failing to make improvement." *In re Brian D.*, 194 W. Va. 623, 636, 461 S.E.2d 129, 142 (1995). In this case, the circuit court heard evidence that petitioner was late for or missed visitations with the children, as well as missed random drug screening. Although petitioner claims that these were the only transgressions that led to the termination of her improvement period, petitioner's parenting class provider also opined that petitioner had made no progress in recognizing her parenting deficits. This evidence underlies the most concerning issue: petitioner's failure to acknowledge the conditions of abuse and neglect as the proceedings progressed. We have held that

> [i]n order to remedy the abuse and/or neglect problem, the problem must first be acknowledged. Failure to acknowledge the existence of the problem, i.e., the truth of the basic allegation pertaining to the alleged abuse and neglect or the perpetrator of said abuse and neglect, results in making the problem untreatable and in making an improvement period an exercise in futility at the child's expense.

*In re Timber M.*, 231 W. Va. 44, 55, 743 S.E.2d 352, 363 (2013) (citation omitted). As shown by the evidence, petitioner failed to take responsibility for her actions and how she abused and neglected the children, choosing instead to blame the children's father for the filing of the petition. Based on this evidence, the circuit court did not abuse its discretion in terminating petitioner's improvement period as her failure to take responsibility made the conditions of abuse and neglect untreatable. Accordingly, petitioner is entitled to no relief in this regard.

Third, petitioner argues that the circuit court erred in denying her motion for a post-dispositional improvement period because she "was largely compliant with her pre-adjudicatory [sic] and post-adjudicatory improvement periods." Remarkably, petitioner again fails to cite to any authority to support her argument and, in this case, completely ignores her burden to show that she experienced a substantial change in circumstances. Because petitioner was previously granted preadjudicatory and post-adjudicatory improvement periods during the proceeding, she was required to "demonstrate[] that since the initial improvement period, [she] has experienced a substantial change in circumstances [and] . . . due to that change in circumstances, [she] is likely to fully participate in the improvement period." W. Va. Code § 49-4-610(3)(D). Further, "West

---

[3]Petitioner cites to no authority in support of this argument, in contravention of Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure.

4

Virginia law allows the circuit court discretion in deciding whether to grant a parent an improvement period." *In re M.M.*, 236 W. Va. 108, 115, 778 S.E.2d 338, 345 (2015). We find petitioner's argument wholly unpersuasive. Not only have we concluded that petitioner was noncompliant with her improvement periods, there is no evidence that petitioner experienced a substantial change in circumstances. Instead, the circuit court found that petitioner continued to deny the circumstances that gave rise to the DHHR's allegations that her conduct constituted abuse and neglect of the children. Due to petitioner's continued failure to acknowledge the problem, we find no error in the circuit court's denial of petitioner's motion for a post-dispositional improvement period.

Finally, petitioner argues that the circuit court erred in terminating her custodial rights because there was insufficient evidence to support the finding that there was no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected in the near future. Petitioner asserts that the circuit court should have simply granted the father full custody and permitted her to visit the children. We disagree with petitioner.

West Virginia Code § 49-4-604(b)(6) (2019)[4] provides that a circuit court may terminate a parent's custodial rights upon its findings that "there is no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future" and that termination is necessary for the welfare of the children. A court may find that there is "no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected" when

> [t]he abusing parent . . . ha[s] not responded to or followed through with a reasonable family case plan or other rehabilitative efforts of social, medical, mental health, or other rehabilitative agencies designed to reduce or prevent the abuse or neglect of the child, as evidenced by the continuation or insubstantial diminution of conditions which threatened the health, welfare, or life of the child.

W. Va. Code § 49-4-604(c)(1) (2019). Despite multiple opportunities, petitioner failed to complete a reasonable family case plan. As the case progressed, petitioner deflected responsibility for her actions onto the children's father and failed to recognize her shortcomings as a parent. As previously expressed above, this attitude rendered further treatment a futility at the children's expense. Therefore, we find no error in the circuit court's finding that there was no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected in the near future.

With regard to petitioner's argument that the court should have employed a less-restrictive dispositional alternative, such as granting full custody to the father and leaving her custodial rights intact, we have held that

> "[t]ermination . . . under the statutory provision covering the disposition of neglected children, [West Virginia Code § 49-4-604 (2019)] . . . may be employed without the use of intervening less restrictive alternatives when it is found that there

---

[4]Although the Legislature amended West Virginia Code § 49-4-604 effective June 5, 2020, including renumbering the provisions, the amendments do not impact this case.

is no reasonable likelihood under [West Virginia Code § 49-4-604(c) (2019)] . . . that conditions of neglect or abuse can be substantially corrected." Syllabus point 2, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011). Upon our review, the circuit court's findings are supported by the record, and we find that the circuit court did not abuse its discretion in terminating petitioner's custodial rights rather than implementing a less-restrictive dispositional alternative. Petitioner is entitled to no relief on appeal.

For the foregoing reasons, we find no error in the decision of the circuit court, and its November 26, 2019, order is hereby affirmed.

Affirmed.

**ISSUED**: June 24, 2020


**CONCURRED IN BY**:

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison